### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **Mark Helstrom,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 23-cv-1250-EFM-GEB |
| | ) |
| **The United States of America and** | ) |
| **State of Kansas,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

### NOTICE AND REPORT AND RECOMMENDATION

This matter concerns the Court's December 18, 2023 Order **(ECF No. 4)** taking under advisement Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 2)**. In that Order, the Court advised Plaintiff if he did not file an affidavit of financial status by January 5, 2024, the Court would recommend the Motion to Proceed Without the Prepayment of Fees be denied, and would further recommend his case be dismissed without prejudice, unless Plaintiff instead paid the required filing fee. To date, Plaintiff has not filed an affidavit of financial status, nor has he paid the required filing fee. As such, and for the reasons stated below, the undersigned **RECOMMENDS DENIAL** of the Motion to Proceed Without the Prepayment of Fees **(ECF No. 2)** and **RECOMMENDS** this action be **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b).

**I.    Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2),

may file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

## II.   Recommendation of Dismissal

### A.   Background

On November 22, 2023, Plaintiff filed a Complaint alleging the Kansas and Federal statutes requiring the prepayment of filing fees to initiate lawsuits are unconstitutional.[1] On that same day, Plaintiff filed a Motion to Proceed Without Prepayment of Fees ("Motion").[2] Plaintiff's Motion did not include an affidavit of financial status.[3]

On December 18, 2023, the undersigned entered an Order taking the Motion under advisement pending Plaintiff's submission of an affidavit of financial status.[4] The Order explained that a request to proceed without the prepayment of filing fees requires submission of a financial affidavit setting forth an applicant's income and monthly expenses.[5] The undersigned ordered Plaintiff to file under seal a financial affidavit with all required information by January 5, 2024.[6] The required affidavit form was attached to the Order for Plaintiff's convenience.[7] The undersigned advised Plaintiff if the financial

---

[1] *See* ECF No. 1.
[2] ECF No. 2.
[3] *See id.*
[4] ECF No. 4.
[5] *Id.* at pp. 1-2.
[6] *Id.* at p. 2.
[7] *See* ECF No. 4-1.

affidavit was not filed as ordered, she would recommend denial of the Motion and dismissal of this case without prejudice, unless Plaintiff instead paid the required filing fee.[8]

To date, Plaintiff has not submitted the required affidavit of financial status or paid the required filing fee. Instead, after the January 5th deadline passed, Plaintiff made three filings addressing his reasons for believing that filing fees and *in forma pauperis* proceedings are unconstitutional and discussing certain Kansas state court proceedings involving Plaintiff.[9] However, none of these filings contain any of the financial information required by the affidavit form attached to the Court's December 18, 2023 Order.[10]

### B.  Discussion

#### 1.  Denial of Motion to Proceed Without Prepayment of Fees (ECF No. 2)

Pursuant to 28 U.S.C. § 1914(a), the clerk of each district court is mandated to "require the parties instituting any civil action . . . to pay a filing fee . . . ." The current filing fee for a civil action in the United States District Court for the District of Kansas is $405.[11] If a party wishes to proceed without prepayment of this filing fee, he or she may, as Plaintiff purports to do with the filing of the Motion at issue, petition the Court for the ability to so proceed. This procedure, referred to as proceeding *in forma pauperis*, is governed by 28 U.S.C. § 1915. Under this statue, the moving party is required to submit

---

[8] ECF No. 4 at p. 2.
[9] *See* ECF Nos. 5, 6, and 7.
[10] *Id.*
[11] *See* https://ksd.uscourts.gov/clerks-office-fees. *See also* 28 U.S.C. § 1914(a) and (b).

"an affidavit that includes a statement of all assets" the party possesses and describes why "the person is unable to pay such fees or give security therefor."[12]

Furthermore, as explained in the December 18, 2023 Order, the Tenth Circuit and this District subscribe to a liberal policy toward permitting plaintiffs to proceed *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.[13] In considering a motion to proceed *in forma pauperis*, courts generally seek to compare an applicant's monthly expenses to monthly income.[14] In the absence of a financial affidavit, the Court cannot make the required comparison between a party's monthly expenses and monthly income.

Additionally, D. Kan. Rule 9.1(g)(1) states a plaintiff who tenders a "complaint for filing without prepayment of fees **must**: (A) complete the motion for leave to proceed without prepayment of fees on the form supplied by the clerk; (B) complete a supporting affidavit on the form supplied by the clerk; and (C) set forth information regarding his or her ability to prepay the costs and fees of the proceeding or give security therefor."[15] As relevant here, the affidavit form is titled "Affidavit of Financial Status" and is provided by the clerk though the District of Kansas's website.[16] This form includes the specific information required by the Court to assess the party's "ability to prepay the costs and fees

---

[12] 28 U.S.C. § 1915(a)(1).
[13] *Mitchell v. Deseret Health Care Facility,* No. 13-1360-RDR, 2013 WL 5797609, *1 (D. Kan. Sept. 30, 2013) (citing generally, *Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987)).
[14] *Alexander v. Wichita Hous. Auth.*, No. 07-1149-JTM, 2007 WL 2316902, *1 (D. Kan. Aug. 9, 2007) (citing *Patillo v. N. Am. Van Lines, Inc.*, No. 02-2162-JWL, 2000 WL 1162684, *1) (D. Kan. April. 15, 2002) and *Webb v. Cessna Aircraft*, No. 00-2229-JWL, 2000 WL 1025575, *1 (D. Kan. July 17, 2000)).
[15] Emphasis added.
[16] *See* https://ksd.uscourts.gov/court-appointedself-representation-forms.

of the proceeding or give security therefor."[17] The affidavit form was attached to the December 18, 2023 Order for Plaintiff's convenience, and so he could know exactly the information needed to process his Motion.

In the December 18, 2023 Order, Plaintiff was also advised that failure to submit the financial affidavit would result in the undersigned recommending his request to proceed in this action without prepaying the filing fee be denied. To date, Plaintiff has failed to submit the affidavit or any financial information to the Court, despite being informed of the necessity for such information and being provided with a form for the submission of such information.  A magistrate judge does not have authority under 28 U.S.C. § 636 to deny a motion to proceed without prepayment of fees.[18]  Accordingly, the undersigned **recommends** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 2)** be **denied** for failure to submit the required financial affidavit.

### 2. Dismissal of Case Without Prejudice

In the December 18, 2023 Order, the undersigned also advised Plaintiff she would recommend dismissal of his case without prejudice if the financial affidavit was not filed as directed or the required filing fee paid.  To date, Plaintiff has done neither.

---

[17] D. Kan. Rule 9.1(g)(1)(C).
[18] *Lister v. Dep't. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) ("Because this [denial of a motion to proceed *in forma pauperis*] was a dispositive matter, under Fed. R. Civ. P. 72(b), the magistrate judge should have only issued a report and recommendation for a decision by the district court.").

Under Fed. R. Civ. P. 41(b), when a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the matter.[19] Additionally, a district court "undoubtedly has discretion to sanction a party" for failing to comply with local rules.[20] Here, the undersigned believes dismissal without prejudice is appropriate because Plaintiff has (1) failed to comply with her December 18, 2023 Order; (2) failed to provide the financial information required by § 1915(a) and D. Kan. Rule 9.1(g)(1) to proceed in this case without prepayment of the filing fee; and (3) failed to pay the filing fee as required by § 1914.

And, although Plaintiff, "as a pro se litigant, is held to a less stringent standard than a licensed attorney, he must nevertheless follow the same rules of procedure governing other litigants."[21] This is particularly true here because this Court has previously dismissed two of Plaintiff's prior cases without prejudice for failure to follow Court rules, including, as relevant here, for failure to either pay the required filing fee or properly move to proceed without prepayment of fees under § 1915(a).[22] Thus, Plaintiff is well aware of the requirements for initiating a civil action in this Court.

---

[19] *See* Fed. R. Civ. P. 41(b); *Davis v. Miller*, 571 F.3d 1058, 1060 (10th Cir. 2009) (noting that Rule 41(b) authorizes a district court to dismiss an action *sua sponte* where the plaintiff fails to comply with procedural rules or a court order).
[20] *Reed v. Bennett,* 312 F.3d 1190, 1195 (10th Cir. 2002).
[21] *Zenati v. Echostar, Inc.,* 203 F.3d 837, 2000 WL 43719, *1 (10th Cir. 2000) (internal citations omitted).
[22] *Eric v. State of Kansas, et al.*, Case No. 5:19-cv-4083-SAC-GEB (Notice and Order to Show Cause entered November 4, 2019 at ECF No. 7; Memorandum and Order dismissing action without prejudice November 6, 2019 entered at ECF No. 9); *Eric v. United States of America Department of Justice*, Case No. 2:20-cv-2066-HLT-TJJ (Notice and Order to Show Cause entered March 20, 2020 at ECF No. 3 and Order dismissing action without prejudice entered June 5, 2020 at ECF No. 9).

Finally, the undersigned understands Plaintiff is challenging the constitutionality of requiring filing fees to access the courts. However, as previously stated by Judge Crow and Judge Teeter in Plaintiff's prior two cases, this argument ignores § 1915(a), which allows a party who is financially unable to pay such fees to still have access to federal courts.[23] Proceeding *in forma pauperis* in a civil case "is a privilege, not a right—fundamental or otherwise."[24] And, as aptly stated by Judge Crow in Plaintiff's previous case:

> In enacting § 1915, Congress recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotation marks omitted). "The right of access to the courts is neither absolute nor unconditional . . . ." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). Stated another way, a party's free access to the court does not mean that a party is free to ignore the federal statutes and orders of the federal court.[25]

At the present time, none of the statutes or rules being challenged by Plaintiff have been found unconstitutional. Thus, they are in full force and effect, and Plaintiff must follow them in order to proceed in this case. Accordingly, the undersigned **recommends** Plaintiff's case be **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with the rules of the Court and the undersigned's December 18, 2023 Order.[26]

---

[23] *Id.* at ECF No. 9, pp. 3-5, for Case No. 5:19-cv-4083-SAC-GEB, and ECF No. 9, p. 3, for Case No. 2:20-cv-2066-HLT-TJJ.
[24] *Barnett ex rel. Barnett v. Nw. Sch.,* No. 00-2499-KHV, 2000 WL 1909625, *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).
[25] Case No. 5:19-cv-4083-SAC-GEB, ECF No. 9 at pp. 4-5.
[26] *See, e.g., A&J Mfg., LLC v. L.A.D. Glob. Enterprises, Inc.*, No. CV 19-2009-KHV, 2020 WL 2495918, at *1 (D. Kan. May 14, 2020) (stating that pursuant to Fed. R. Civ. P. 41(b), the Court can dismiss an action *sua sponte* and when the dismissal is without prejudice, "it is well established

**IT IS THEREFORE RECOMMENDED** Plaintiff's Motion to Proceed Without Prepayment of Fees **(ECF No. 2)** be **DENIED** for failure to submit the required affidavit of financial status.

**IT IS FURTHER RECOMMENDED** to the District Judge this case be **DISMISSED without prejudice** under Fed. R. Civ. P. 41(b) for (1) failure comply with the undersigned's December 18, 2023 Order; (2) failure to provide the financial information required by 28 U.S.C. § 1915(a) and D. Kan. Rule 9.1(g)(1) to proceed in this case without prepayment of the filing fee; and (3) failure to pay the filing fee as required by 28 U.S.C. § 1914.

**IT IS SO ORDERED.**

Dated July 22, 2024, at Wichita, Kansas.

                                                 s/ Gwynne E. Birzer
                                                 GWYNNE E. BIRZER
                                                 United States Magistrate Judge

---

in this circuit that a district court is not obligated to follow any particular procedures.") (quoting *Young v. United States*, 316 F. App'x 764, 771, 772 (10th Cir. 2009)).